EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SPRATT,

      Plaintiff,                         No. 17-12350

v.                                          District Judge Laurie J. Michelson
                                            Magistrate Judge R. Steven Whalen

MONEY RECOVERY NATION
WIDE, ET AL.,

      Defendants.
_____/

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**

On January 10, 2019, the Clerk of the Court entered a default against Defendant Money Recovery Nationwide, now known as Receivables Management Partners, LLC ("RMP") following merger [Dkt. #27]. Before the Court is RMP's motion to set aside the default [Dkt. #31].

## I. BACKGROUND

In response to a previous show cause order, Plaintiff stated that he properly served RMP by serving a summons on one Ron Kochanski. This is reflected in the return of service [Dkt. #8].

Attached to the motion as Exhibit A is the affidavit of Jennifer Isabell, a litigation specialist and privacy officer for Receivables Management Partners, LLC, succesor by merger to Nationwide Collection Agency, Inc., d/b/a Money Recovery Nationwide. Ms.

-1-

Isabell states that Ron Kochanski is neither a resident agent nor an officer of RMP. Rather, the resident agent for RMP on or about August 11, 2017 was CSC-Lawyers Incorporating Service. *Isabell Affidavit*, paragraphs 2-15. Ms. Isabell further states that RMP has no record of being served with any pleadings in this case, including Plaintiff's amended complaints. *Id*. paragraphs 6-7.

Plaintiff has not filed a response to Defendant's motion.

## II. STANDARD OF REVIEW

A motion to set aside a default is governed by Fed.R. Civ.P. 55(c). That Rule sets forth a relatively relaxed "good cause" standard for setting aside a Clerk's entry of default. *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). In *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 353 (6th Cir.2003), the Sixth Circuit described the Rule 55(c) standard as follows:

> "[T]he district court enjoys considerable latitude under the "good cause shown" standard of Rule 55(c) to grant a defendant relief from a default entry. The criteria used to determine whether "good cause" has been shown for purposes of granting a motion under Rule 55(c) are whether (1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious. It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." (internal quotation marks, citations, and footnote omitted.).

A court reviewing a Rule 55(c) motion should be "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis

of procedural missteps." *United States v. $22,050.00 U.S. Currency, supra*, 595 F.3d at 322.

### III. DISCUSSION

Plaintiff has not filed a response to this motion, and has thus not offered any contradiction to Ms. Isabell's sworn statements that Ron Kochanski is not a resident agent authorized to accept service, and that Defendant in fact was never properly served. I therefore find that the alleged default was not willful. Nor would setting aside the default prejudice the Plaintiff. And finally, Ms. Isabell's affidavit shows that Defendant RMP has a meritorious defense.[1] Apart from any assessment of the merits, the complaint is also subject to dismissal for failure to serve. *See* Fed.R.Civ.P. 4(m).

### IV. CONCLUSION

Therefore, Defendant's motion to set aside default [Dkt. #31] is GRANTED, and the Clerk's entry of default [Dkt. #27] is VACATED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 10, 2019

---

[1] A defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003)(internal quotations and citations omitted) (emphasis in original). Further, "[i]f a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell v. Henderson, supra*, 434 F.3d 826, 834 (6th Cir. 2006).

**CERTIFICATE OF SERVICE**

  I hereby certify on June 10, 2019, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 10, 2019: **None**

        s/Carolyn Ciesla
        Case Manager to
        Magistrate Judge R. Steven Whalen