EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SPRATT,

       Plaintiff,                                   No. 17-12350

v.                                             District Judge Laurie J. Michelson
                                                  Magistrate Judge R. Steven Whalen

MONEY RECOVERY NATION
WIDE, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

      On July 7, 2017, Plaintiff James Spratt filed a *pro se* civil complaint in this Court. Although he alleges diversity jurisdiction, the complaint also appears to allege violations of federal law, specifically the Fair Debt Collections Practices Act, 15 U.S.C. § 1682 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. He names as Defendants Money Recovery Nation Wide, Experian, Equifax, and Transunion. For the reasons discussed below, I recommend that the Court dismiss Defendants Money Recovery Nation Wide, Experian, and Transunion without prejudice under Fed.R.Civ.P. 4(m) for failure of timely service of process.

                                        **I.    FACTS**

      On April 26, 2018, this Court ordered Plaintiff to show cause why his complaint should not be dismissed as to Defendants Money Recovery Nation Wide, Experian, or

Transunion for failure of timely service [Doc. #21].  In his responses [Doc. #22 and #23], Plaintiff states that he hired ABC Legal/Seattle Support ("ABC") to serve the Defendants, and asserts as follows:

(1) That an executed Certificate of Service was filed as to Defendant Money Recovery Nation Wide on August 15, 2017.  *See* Doc. #8.

(2) That ABC served Defendant Transunion on August 22, 2017, but did not file a Certificate of Service. Attached to Doc. #23 is a purported Certificate of Service as to Transunion.  The Certificate states that the complaint and summons were delivered to one Alisa Lyons at Transunion, 1550 Peachtree St. NE, Atlanta, GA 30309, described as "Administrator of Senior Vice President, Person Authorized to Accept."

(3) That he believed that ABC would locate and serve Defendant Experian, but he concedes that was not done.

On January 10, 2019, the Clerk of the Court entered a default as to Defendant Money Recovery Nation Wide [Doc. #27]. On June 10, 2019, the Court granted this Defendant's motion to set aside the default, finding that Plaintiff never made proper service [Doc. #34].  Also on June 10, 2019, the Court again ordered Plaintiff to show cause, on or before June 24, 2019, why his complaint should not be dismissed without prejudice as to Defendants Money Recovery Nation Wide, Experian, and Transunion [Doc. #35].   To date, Plaintiff has not responded.

## II. DISCUSSION

Under Fed.R.Civ.P. 4(m), service of a summons and complaint must be made upon a defendant within 90 days after filing the complaint, otherwise,

> "...the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Fed.R.Civ.P. 4(l) requires that "[i]f service is not waived, the person effecting service shall make proof thereof to the court."

Plaintiff has not shown proper service of process on Defendants Money Recovery Nation Wide, Experian, and Transunion. The Court has already found that service on Money Recovery Nation Wide was ineffective, and Plaintiff appears to concede that Defendant Experian was not served. In addition, service on Transunion was not effective.

Fed.R.Civ.P. 4(h) governs service on a corporation. Rule 4(h)(1)(B) provides that service may be made:

> "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process *and*—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

"By its terms, therefore, Rule 4(h)(1)(B)...requires mailing combined with personal service of the agent." *Etherly v. Rehabitat Sys. of Michigan*, 2013 WL 3946079, at *5 (E.D. Mich. July 31, 2013)(Michelson, MJ).

Rule 4(h)(1)(A) provides that service on corporations may also be accomplished under the terms of Rule 4(e)(1), which permits service under the law of the State where the district court is located. In Michigan, service on a domestic or foreign corporation is governed by M.C.R. 2.105(D), which provides as follows:

> **(D) Private Corporations, Domestic and Foreign**. Service of process on a domestic or foreign corporation may be made by
>
> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
>
>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>
>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>
>> (c) the corporation's term of existence has expired.

Service of process on a corporation may be made by any of these four alternatives.

*Bunner v. Blow-Rite Insulation Co.*, 162 Mich. App. 669, 672, 413 N.W.2d 474, 476 (1987), citing *Clayton v. Ann Arbor Motor Inn, Inc*., 94 Mich.App. 370, 374, 288 N.W.2d 432 (1979), lv. den. 410 Mich. 886 (1981).[1]

According to the Certificate of Service that Plaintiff submitted in Doc. #23, the person served was not an officer or resident agent of Transunion, but a person "authorized to accept" service. Therefore, § (D)(2) is the only section of the Court Rule that would arguably be applicable. That section, however, like Fed.R.Civ.P. 4(h)(1)(B), requires both personal service on the "person in charge" of the office *and* service by registered mail to the corporate office. Even assuming that Alisa Lyons was authorized to accept personal service, Plaintiff failed to follow up with registered mail service, the second requirement for service on a corporation under either the federal or Michigan rule.

Therefore, neither Defendants Money Recovery Nation Wide, Experian, nor Transunion has been properly served. Nor has Plaintiff filed a response to the June 10, 2019 order to show cause. The complaint should therefore be dismissed without prejudice as to these three Defendants.

### III.  CONCLUSION

I recommend that the Court dismiss Defendants Money Recovery Nation Wide, Experian, and Transunion without prejudice under Fed.R.Civ.P. 4(m) for failure of timely

---

[1] *Clayton* involved former Court Rule G.C.R. 105.4, which is substantially identical to current Rule M.C.R. 2.105. *Bunner*, 162 Mich.App. At 672.

service of process.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2019

**CERTIFICATE OF SERVICE**

I hereby certify on July 8, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 8, 2019.

        s/Carolyn M. Ciesla
        Case Manager to
        Magistrate Judge R. Steven Whalen