UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SPRATT,

      Plaintiff,                                    No. 17-12350

v.                                              District Judge Laurie J. Michelson
                                                    Magistrate Judge R. Steven Whalen

MONEY RECOVERY NATION
WIDE, ET AL.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

On July 7, 2017, Plaintiff James Spratt filed a *pro se* civil complaint in this Court. All Defendants except Equifax were dismissed without prejudice under Fed.R.Civ.P. 4(m) for failure of timely service, and Defendant Equifax was dismissed without prejudice pursuant to a settlement agreement. The case is now closed. On January 21, 2010, Plaintiff filed a one-page document titled "Explanation of Failure to Respond," in which he seeks to re-open the case [ECF No. 42]. Construing this filing as a motion for relief from judgment under Fed.R.Civ.P. 60(b), and proceeding under 28 U.S.C. § 636(b)(1)(B), I recommend that the Plaintiff's motion be DENIED.

**I.    FACTS**

On April 26, 2018, the Court ordered Plaintiff to show cause why his complaint

should not be dismissed as to Defendants Money Recovery Nation Wide, Experian, or Transunion for failure of timely service [ECF No. 21]. In his responses [ECF No. 22 and No. 23], Plaintiff stated that he hired ABC Legal/Seattle Support ("ABC") to serve the Defendants. However, according to the certificates of service [ECF No. 23], these corporate Defendants were not properly served under Fed.R.Civ.P. 4(h)(1)(B) or M.C.R. 2.105(D)(2). On June 10, 2019, the Court again ordered Plaintiff to show cause why these Defendants should not be dismissed without prejudice for failure to serve [ECF No. 35].

Plaintiff did not respond to the June 10, 2019 show cause order. I then filed a Report and Recommendation ("R&R") on July 8, 2019, recommending that Defendants Money Recovery Nation Wide, Experian, and Transunion be dismissed without prejudice [ECF No. 37]. The Court accepted the R&R and dismissed these Defendants on July 30, 2019 [ECF No. 39].

This left Equifax as the sole remaining Defendant. I held a settlement conference on January 7, 2020, and the parties resolved the case, placing the terms on the record. On January 8, 2020, pursuant to the agreement, the Court entered an order dismissing Equifax without prejudice [ECF No. 41].

On January 21, 2020, Plaintiff filed the present request to reopen the case [ECF No. 42]. Apparently referring to the June 10, 2019 show cause order, he states, "I did not receive the notice in the mail due to failure of receipt. I never received the documents

they stated was sent to me." He concludes, "If I would have received the notice I would have complied with all requests. I am asking the court to re-open my case as the issue with the postal service has been addressed."

At the settlement conference on January 7, 2020, Plaintiff was given copies of the show cause order and the Report and Recommendation.[1]

## II. DISCUSSION

Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff states that his failure to respond to the Court's show cause order was due to a problem with his postal carrier that resulted in his not receiving the order. That would arguably fall under Rule 60(b)(1), excusable neglect. Regardless, Defendants Money Recovery Nation Wide, Experian, and Transunion were dismissed without prejudice for failure of proper service. My R&R, filed on July 8, 2019 [ECF No. 37], explains in detail, based on the proofs of service that Plaintiff filed, why service on these

---

[1] Contrary to Plaintiff's assertion, I did not request that Plaintiff provide the Court with an explanation as to why he did not respond to the show cause order.

corporate Defendants was ineffective under both the Federal and Michigan Court Rules. In his present motion, Plaintiff does not offer any substantive response to the show cause order that was given to him on January 7, 2020, nor does he provide any argument as to why my recommendation was incorrect or why he believes service was proper. In other words, he provides no legal or factual basis for granting relief from judgment based on excusable neglect.

In addition, the only remedy that Plaintiff could have obtained, had he responded to the show cause order, would have been an extension of the time for service. *See* Fed.R.Civ.P. 4(m). If his case is re-opened, he will still have to serve the Defendants, who may have affirmative defenses available to them. Given that the complaint was dismissed *without prejudice*, Plaintiff has the same opportunity now, *i.e.*, he can re-file his complaint and properly serve the Defendants, who will have the availability of any affirmative defenses they would have if the case were re-opened.

Plaintiff's motion [ECF No. 42] should therefore be denied.

### III.  CONCLUSION

I recommend that Plaintiff "Explanation of Failure to Respond" [ECF No. 42] be construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b), and that the motion be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D.

Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                                    s/R. Steven Whalen
                                                    R. STEVEN WHALEN
                                                    United States Magistrate Judge

Dated: March 18, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 18, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager