UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SPRATT,

      Plaintiff,

v.

MONEY RECOVERY NATION WIDE.,
et al.,

      Defendants.

Case No. 17-12350
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

---

**ORDER ACCEPTING REPORT AND RECOMMENDATION [45]
AND DENYING MOTION TO REOPEN [42]**

---

James Spratt filed this pro se case against Money Recovery Nation Wide and the three credit-reporting agencies based on diversity jurisdiction. (ECF No. 1.) All defendants except Equifax were dismissed without prejudice under Federal Rule of Civil Procedures 4(m) for failure of timely service. (ECF No. 38.) The final defendant, Equifax, was dismissed without prejudice pursuant to a settlement agreement and the case was closed. (ECF No. 41.) Spratt then filed a "Motion to Reopen Case," which Magistrate Judge R. Steven Whalen construes as a motion for relief from judgment under Rule 60(b). (*See* ECF No. 45, PageID.161.) Before the Court is Magistrate Judge Whalen's Report and Recommendation recommending Spratt's motion be denied. (*Id.*)

At the conclusion of his March 18, 2020 Report and Recommendation, Magistrate Judge Whalen notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 45, PageID.165.) Due to the extraordinary circumstances caused by the

COVID-19 pandemic, the Court allowed for additional time to object. It has now been over 60 days since the Report was served on the parties and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. (ECF No. 45.) It follows that Spratt's Motion to Reopen Case (ECF No. 42) is DENIED.

SO ORDERED.

Dated: June 10, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE